ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **REY OMAR ARROYO BELÉN**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br><br>Recurrido | KLRA202500303 | **REVISIÓN** procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm:<br>**B-05-25**<br><br>Sobre: Devolución de pertenencias |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez.[1]

### SENTENCIA

En San Juan, Puerto Rico, a 20 de junio de 2025.

Comparece ante nos, por derecho propio e *in forma pauperis*[2], Rey Omar Arroyo Belén (Arroyo Belén o recurrente), confinado actualmente en la Institución Bayamón 501 bajo la custodia del Departamento de Corrección y Rehabilitación (DCR). Solicita que revisemos la *Resolución* emitida el 28 de marzo de 2025, por la Coordinadora Regional de la División de Remedios Administrativos del DCR. Mediante la misma, se confirmó la respuesta recibida por parte de la evaluadora, señora Maribel García Charriez, a una solicitud de documentos y pertenencias personales del recurrente.

Por los fundamentos que expresamos a continuación, se revoca el pronunciamiento impugnado.

### I.

Según surge del expediente, el 13 de diciembre de 2024, Arroyo Belén instó la *Solicitud de Remedio Administrativo* número B-

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025, sobre enmienda a la orden de designación de Paneles en el Tribunal de Apelaciones. El juez Sánchez Báez sustituye a la jueza Rivera Marchand.

[2] Se declara *Ha Lugar* la *Solicitud para que se Exima de Pago de Arancel por Razón de Pobreza* acompañada de la *Declaración en Apoyo de Solicitud para Litigar como Indigente (In Forma Pauperis)* instada por Arroyo Belén.

05-25 en la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación. En síntesis, requirió que se le entregaran ciertas pertenencias (documentos legales, sobres y sellos, así como objetos de valor sentimental) que se le retuvieron el 27 de noviembre de 2024 durante su admisión por traslado a la institución correccional donde se encuentra confinado.

El 8 de enero de 2025, la División de Remedios Administrativos emitió una *Respuesta al Miembro de la Población Correccional.* A través de esta, la evaluadora García Charriez le expresó a Arroyo Belén lo siguiente:

Desestimada por términos

Regla XII. Sección 2

El MPC tendrá 15 días calendarios contados a partir de advenir en conocimiento de los hechos que motivan su solicitud para radicar la misma.

En desacuerdo, Arroyo Belén interpuso una *Solicitud de Reconsideración.* Mediante una *Respuesta de Reconsideración al Miembro de la Población Correccional,* el Departamento de Corrección y Rehabilitación acogió la petición de reconsideración y posteriormente, la coordinadora regional de remedios administrativos, Damaris Robles Domínguez, dictó la *Resolución* impugnada. Esta decisión confirmó y amplió la respuesta de la evaluadora García Charriez. En la *Resolución* se incluyeron las siguientes determinaciones de hechos:

1. El recurrente presentó Solicitud de Remedios Administrativos el 8 de enero de 2025 ante la Evaluadora de Remedios Administrativas, Maribel García Charriez de la Oficina de Bayamón. En su escrito expone que al momento de ingresar a la institución le retuvieron documentos legales y artículos personales.

2. La Sra. Maribel García Charriez, Evaluadora de Remedios Administrativos, Oficina de Bayamón[,] realiza respuesta el 8 de enero de 2025. El recurso [se] desestima a la luz del Reglamento para Atender Las Solicitudes De Remedios Administrativos Radicadas por los Miembros de la Población Correccional.

3. El 21 de enero de 2025 se hace la entrega al recurrente del Recibo de Respuesta.

4. El 3 de febrero de 2025, el recurrente inconforme con la respuesta emitida, presentó Solicitud de Reconsideración ante el Coordinador Regional de Remedios Administrativos. En síntesis, arguye que no está de acuerdo con la respuesta recibida.

5. Se acoge petición de reconsideración el 24 de febrero de 2025.

En la *Resolución,* el Departamento de Corrección y Rehabilitación determinó que la solicitud de remedio concernida debió haberse presentado en o antes del 11 de diciembre de 2024. Añadió que Arroyo Belén podría llevar su inquietud al área de seguridad y/o al superintendente en las rondas de supervisión.

Aun inconforme, Arroyo Belén instó el recurso de revisión judicial de epígrafe. Aunque no hace señalamiento de error alguno, solicita que le ordenemos a la agencia recurrida entregarle sus pertenencias y, de ello no ser posible, reponerle por unas del mismo valor o económicamente.

Mediante *Resolución* dictada el 6 de junio de 2025, ordenamos al Departamento de Corrección y Rehabilitación mostrar causa por la cual no debíamos revocar el dictamen impugnado. El 11 de junio de 2025, la agencia, por conducto de la Oficina del Procurador General de Puerto Rico, presentó un *Escrito en Cumplimiento de Resolución.*

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

En atención al recurso y a los planteamientos esbozados por Arroyo Belén, el DCR arguye que la desestimación en cuestión fue correcta en estricto derecho. Ello, porque el término para presentar la solicitud venció al transcurrir 15 días naturales desde que Arroyo Belén se enteró de lo ocurrido con sus pertenencias. No obstante,

considerando las circunstancias particulares del caso, expresa lo siguiente:

> …[E]l hecho de que el recurrente realizó gestiones dirigidas a presentar su solicitud y alega que la omisión se debió a su traslado, no tenemos objeción a que el DCR dé curso a la *Solicitud de Remedio Administrativo B-05-25*. Ante tal situación, lo correcto en derecho sería devolver el caso a la agencia para que atienda su solicitud.

Toda vez que el DCR no tiene objeción a dar curso al remedio solicitado por Arroyo Belén y este Tribunal entiende que dicho proceder constituye el desenlace adecuado, revocamos la *Resolución* aquí impugnada.   Consecuentemente, devolvemos el caso a la División de Remedios Administrativos del DCR para que le conceda el debido trámite a la *Solicitud de Remedio Administrativo* número B-05-25 instada por Arroyo Belén, relacionada a la devolución de ciertas pertenencias alegadamente retenidas durante su traslado de institución carcelaria.

### III.

Por los fundamentos expuestos, se revoca la *Resolución* dictada el 28 de marzo de 2025. En consecuencia, se devuelve el caso al DCR para la continuación de los procedimientos, conforme lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


                        Lcda. Lilia M. Oquendo Solís
                     Secretaria del Tribunal de Apelaciones